**Daniel TYLER, et al., Plaintiffs,**

v.

**CITY OF NORTH ROYALTON,
Defendant.**

**Civ. A. No. C 82–1818.**

United States District Court,
N. D. Ohio, E. D.

Aug. 20, 1982.

John V. Jackson, II, John J. Horrigan, Cleveland, Ohio, for plaintiffs.

Lynn W. Leary, Law Director, North Royalton, Ohio, for defendant.

## MEMORANDUM AND ORDER

ANN ALDRICH, District Judge.

Before the Court is plaintiffs' Motion for a Temporary Restraining Order. A hearing being held, with counsel for plaintiffs and defendant present, and upon consideration of the arguments of counsel, the Motion for a Temporary Restraining Order is denied and plaintiffs' Complaint dismissed. The Complaint is dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiffs Daniel Tyler and Wayne Lang brought this action to enjoin the City of North Royalton from enforcing a zoning ordinance which would prohibit the plaintiffs from operating an insurance business on property zoned for residential use. Plaintiffs' action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988. Jurisdiction of this court is invoked under 28 U.S.C. §§ 1331 and 1343.

On April 21, 1982, a proposed ordinance was put before the City Council of North Royalton which would, if enacted, rezone property held by the plaintiffs from residential use to a classification permitting office buildings. The proposed ordinance had been prepared in response to an application by plaintiffs requesting the rezoning of their property. The North Royalton Planning Commission, a mere advisory body under the City Charter of North Royalton, had recommended passage of the rezoning ordinance. City Council disregarded the recommendation of the Planning Commission and voted to reject plaintiffs' proposed ordinance and to maintain residential zoning in the area.

Plaintiffs allege that the City of North Royalton has deprived them of their property without due process of law and that the actions of North Royalton were undertaken in concert and conspiracy with the intention of denying rights guaranteed to plaintiffs under the Constitution and federal laws. In addition, plaintiffs allege that North Royalton's zoning ordinance has no reasonable relationship to the public health, welfare or safety and is confiscatory, arbitrary, discriminatory and unreasonable.

Plaintiffs ask for damages in the amount of $2,600,000.00, plus interest, cost of this action, and attorney fees. Plaintiffs also ask that the North Royalton zoning ordinance be declared unconstitutional, or, in the alternative, that North Royalton be enjoined from enforcing the zoning ordinance against plaintiffs.

Plaintiffs' Motion for a Temporary Restraining Order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure need not be reviewed by this Court due to plaintiffs' failure to allege the deprivation of any rights, privileges, or immunities guaranteed by the Constitution or federal law which would establish this Court's jurisdiction over the present action. Plaintiffs' 42 U.S.C. §§ 1983 and 1985 claims are unsubstantiated and inappropriate. Plaintiffs' underlying desire to challenge the validity of the North Royalton zoning ordinance is a matter which should properly be before the state courts of Ohio.

*Studen v. Beebe*, 588 F.2d 560 (6th Cir. 1978), is controlling in the present case. The plaintiffs in *Studen* brought a civil rights action based on 42 U.S.C. §§ 1983 and 1985 against Mayfield Village in order to challenge a zoning ordinance. As in the present case, the zoning ordinance under attack classified plaintiffs' property as residential and plaintiffs desired to use their land for business purposes.

The Court of Appeals in *Studen* rejected plaintiffs' § 1985 claim on the basis that plaintiffs had failed to show that their membership in a definable class had been the reason for the alleged conspiracy against them. Plaintiffs in the present action have failed to allege membership in a defined class. The § 1985 claim against defendant is therefore insufficient and must fail.

Plaintiffs' § 1983 claim is, in reality, an attack on the basic validity of the North Royalton zoning ordinance under the standards of *Euclid v. Ambler Realty Co.*, 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926). *Euclid* established that a municipality may invoke its police powers, under the Constitution, and restrict the use of property in order to promote the public health, welfare and safety. The U. S. Supreme Court has since indicated that a conventional attack on the validity of zoning as being unreasonable and arbitrary, under the standards of *Euclid*, is a matter to be resolved in state court. *City of Eastlake v. Forest City Enterprises*, 426 U.S. 668, 676–677, 96 S.Ct. 2358, 2363–2364, 49 L.Ed.2d 132 (1976).

Plaintiffs' challenge to the validity of the North Royalton zoning ordinance cannot be permitted to enter federal court disguised as a civil rights suit under 42 U.S.C. §§ 1983 and 1985. Plaintiffs have failed to allege the deprivation of any rights, privileges, or immunities secured by the Constitution or federal law and are therefore not entitled to this forum.

Accordingly, plaintiffs' Complaint is hereby dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.